Daniel Mateo, Esq.
**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540-7839
Tel. (609) 987-0050

*Attorney for Plaintiff*
*Phanatic Sports Memorabilia, Inc.*

*Additional counsel listed on signature page*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PHANATIC SPORTS MEMORABILIA, INC.,** : | |
| : | |
| *Plaintiff*, : | |
| : | |
| v. : | Civil Action No.: _____ |
| : | |
| **FANATICS, INC.,** : | **COMPLAINT AND DEMAND** |
| : | **FOR JURY TRIAL** |
| *Defendant*. : | |

### COMPLAINT

Plaintiff Phanatic Sports Memorabilia, Inc. ("Phanatic Sports"), by and through its undersigned counsel, for its Complaint against Defendant Fanatics, Inc. ("Fanatics") hereby avers as follows:

### NATURE OF ACTION

1. In this action, Phanatic Sports seeks declaratory relief in the form of an Order finding that its use of the trademarks PHANATIC SPORTS and PHANATIC SPORTS MEMORABILIA (collectively, the "PHANATIC SPORTS Marks") does not infringe or dilute Defendant Fanatic, Inc.'s rights in its FANATICS trademarks (collectively, the "FANATICS Marks").

## PARTIES

2. Plaintiff Phanatic Sports is a Delaware corporation with its principal place of business in 110 High Street, Mullica Hill, New Jersey, 08062.

3. Defendant Fanatics, Inc. is a Delaware corporation with its principal place of business in 8100 Nations Way, Jacksonville, Florida, 32256.

## JURISDICTION AND VENUE

4. As set forth herein, the parties' dispute arises under the federal Lanham Act, 17 U.S.C. § 1051 *et seq.* This Court accordingly has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks) and 28 U.S.C. § 2201 (Declaratory Judgment Act).

5. This Court has personal jurisdiction over Fanatics, Inc. because, among other things, Fanatics, Inc. regularly conducts business in this judicial district through its advertising and sale of products through the Internet to residents of this district and through its regular and ongoing purchase of sports memorabilia products from Phanatic Sports, a resident of this district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTUAL BACKGROUND

### The Parties' Respective Trademarks as Used in Commerce

7. Since 2012, Phanatic Sports has been in the business of selling authentic autographed sports memorabilia, other memorabilia and coins. Phanatic Sports sells its products on its website, www.phanaticsports.com, and through third-party e-commerce vendors such as Amazon and eBay.

8. Phanatic Sports promotes its products using two design logos, each featuring the fanciful word PHANATIC in stylized red lettering over a red banner with the words SPORTS

MEMORABILIA in white lettering, sometimes with an additional city skyline design element in red over the word PHANATIC, as shown below:

 

9.  Fanatics, Inc. started doing business in or around 2011 as a retail seller of sports apparel.  On its website, Fanatics, Inc. touts itself as "the global leader in licensed sports merchandise" that is "changing the way fans purchase their favorite team apparel and jerseys…."  See www/fanaticsinc.com/about/ (last visited May 31, 2018).   More recently, Fanatics, Inc. has also started selling autographed sports memorabilia.

10.  Since at least 2013, Fanatics, Inc. and its affiliates have regularly purchased autographed sports memorabilia from Phanatic Sports, affixed logos and certificates of authenticity from its affiliates to those products, and then offered the products for resale on its own websites, www.fanaticsinc.com and www.fanatics.com, and the websites of its affiliates.  Fanatics, Inc. and its affiliates have made more than 500 such purchases over the years from Phanatic Sports, including as recently as May 31, 2018.

11.  Fanatics, Inc. also regularly copies photographic images of Phanatic Sports' products, and verbatim text descriptions of those products, from Phanatic Sports' website and uses those images and text to promote products on its own websites.

12.  Fanatics, Inc. uses the design logo shown below, featuring an orange flag before the word FANATICS in a stylized font, to promote its products:



**Fanatics, Inc.'s Demand that Phanatic Sports
Cease Use of Its PHANATIC SPORTS Marks**

13. On or about May 7, 2018, Fanatics, Inc., through its outside counsel, sent Phanatic Sports a letter (the "May 7 Letter") accusing Phanatic Sports of trademark infringement, dilution and unfair competition. In particular, Fanatics, Inc. asserted that Phanatic Sports' use of its PHANATIC SPORTS Marks infringes U.S. Trademark No. 5,261,667 (the "'667 Registration"), U.S. Trademark No. 4,379,267 (the "'267 Registration") and U.S. Trademark Serial Application No. 86/741328 (the "'328 Application").

14. In its May 7 Letter, Fanatics, Inc. demanded among other things that, within five (5) days of the date of the letter, Phanatic Sports transfer its www.phanaticsports.com domain to Fanatics, Inc., destroy all advertising and promotional materials using the PHANATIC SPORTS Marks and cease all sales of products using the PHANATIC SPORTS Marks.

15. Fanatics, Inc. stated in its May 7 Letter that "[Phanatic Sports'] failure to comply with the demands made herein will only assure us of its intention to willfully infringe the Fanatics IP." It further stated that, "[i]n such situation, Fanatics will take any and all actions necessary to enforce its rights to the fullest extent of the law."

16. On May 14, 2018, outside counsel for Fanatics, Inc. sent an email to Phanatic Sports stating: "It is now two (2) days past the response deadline provided in our [May 7 Letter]. If we do not hear from you by the close of business tomorrow, May 15, 2018, we will have no choice but to escalate this matter."

17. In response to the May 14 email, Phanatic Sports, through its outside counsel, sent an email advising that the undersigned counsel had been retained to assess the matter and respond on Phanatic Sports' behalf.

18. On May 25, 2018, counsel for Fanatics, Inc. sent counsel for Phanatic Sports an email stating that "[w]e have now provided more than ample time for your evaluation and a substantive response to our [May 7 Letter,]" and demanded a response by May 30, 2018.

19. On May 30, 2018, counsel for Phanatic Sports advised counsel for Fanatics, Inc. that Phanatic Sports would respond to the May 7 Letter by June 1, 2018.

20. On June 1, 2018, Phanatic Sports, through its outside counsel, sent a letter to Fanatics, Inc. advising that, after a thorough and good faith review, Phanatic Sports does not believe that its use of the PHANATIC SPORTS Marks infringes any valid intellectual property rights of Fanatics, Inc., declined to turn over its website to Fanatics, Inc. and declined to cease its use of the PHANATIC SPORTS Marks.

### Phanatic Sports' Use of Its PHANATIC SPORTS Marks Does Not Infringe or Dilute Fanatics, Inc.'s Marks

21. Fanatics, Inc.'s '267 Registration claims a design and word mark showing a human figure carrying a flag next to the word FANATICS in all-capitalized letters and a stylized font, as shown below:



22. The '267 Registration claims a date of first use of April 2011, but does not claim autographed sports memorabilia in its description of goods and services. Rather, it recites as the covered goods and services: "on-line retail store services featuring sports related and sports team branded clothing and merchandise; product merchandising; order fulfillment services; business marketing consulting services; customer services, namely, responding to customers inquiries for others in the field of sports related and sports team branded clothing and merchandise."

23. So far as Phanatic Sports is aware, Fanatics, Inc. does not presently use the design logo claimed in the '267 Registration in commerce. Rather, Fanatics, Inc. uses the logo shown in paragraph 12 above.

24. The '667 Registration claims a design and word mark showing a flag next to the word FANATICS in a stylized font, as shown below:

25. The '667 Registration claims a date of first use of October 2015 – several years after Phanatic Sports started use of its PHANATIC SPORTS Marks to sell autographed sports memorabilia.

26. The '328 Application is an intent-to-use application, with no date of first use alleged. It recites as its mark the same design and word mark claimed in the '667 Registration.

27. The parties' respective marks, as used in commerce, create materially different commercial impressions and are not likely to cause consumers to be confused as to the source, sponsorship or affiliation of the parties' respective products.

28. Phanatic Sports is aware of no actual consumer confusion having occurred in the six years of concurrent use by the parties of their respective marks. Fanatics, Inc. cited no such evidence in its May 7, 2018 letter.

29. Phanatic Sports is aware of no good faith basis for Fanatics, Inc. to assert that its trademarks are famous for purposes of alleging dilution.

30. Fanatics, Inc. has not only known of Phanatic Sports, but in fact has actively done business with Phanatic Sports, for nearly six years. At no time before May 7, 2018 did Fanatics,

Inc. ever express any concern to Phanatic Sports about possible consumer confusion or dilution arising from their concurrent use of their respective marks.

31. Phanatic Sports has relied in good faith on Fanatics, Inc.'s knowing acquiescence in Phanatic Sports' use of its PHANATIC SPORTS Marks.

32. Phanatic Sports has built considerable goodwill in its PHANATIC SPORTS Marks. (Indeed, as averred above, Fanatics, Inc. regularly purchases Phanatic Sports' autographed sports memorabilia for resale on its own websites, and regularly copies product images and text from Phanatic Sports' website for use on its own websites.)

33. Phanatic Sports would be materially harmed if it were forced to abandon use of the PHANATIC SPORTS Marks.

34. Fanatics, Inc.'s allegations that Phanatic Sports is infringing and/or diluting Fanatics, Inc.'s trademarks create an actual, substantial and justiciable controversy between the parties concerning Phanatic Sports' right to continue to use its PHANATIC SPORTS Marks in commerce.

## COUNT I
## DECLARATORY JUDGMENT
## (NON-INFRINGEMENT OF TRADEMARK (15 U.S.C. § 1114(a))

35. Phanatic Sports restates and incorporates herein by reference the averments set forth in paragraphs 1 through 34 above.

36. Fanatics, Inc. has claimed that Phanatic Sports' use of its PHANATIC SPORTS Marks infringes Fanatics, Inc.'s trademarks, and has threatened to take legal action against Phanatic Sports on this basis.

37. An actual, present and justiciable controversy has arisen between Phanatic Sports and Fanatics, Inc. concerning Phanatic Sports' right to continue use of its PHANATIC SPORTS Marks.

38. Phanatic Sports seeks declaratory judgment that its continuing use of its PHANATIC SPORTS Marks does not constitute trademark infringement.

## COUNT II
## DECLARATORY JUDGMENT (NO DILUTION) (15 U.S.C. § 1125(c))

39. Phanatic Sports restates and incorporates herein by reference the averments set forth in paragraphs 1 through 38 above.

40. Fanatics, Inc. has claimed that Phanatic Sports' use of its PHANATIC SPORTS Marks dilutes Fanatics, Inc.'s trademarks, and has threatened to take legal action against Phanatic Sports on this basis.

41. An actual, present and justiciable controversy has arisen between Phanatic Sports and Fanatics, Inc. concerning Phanatic Sports' right to continue use of its PHANATIC SPORTS Marks.

42. Fanatics, Inc.'s marks are not famous.

43. Phanatic Sports seeks declaratory judgment that its continuing use of its PHANATIC SPORTS Marks does not constitute trademark infringement.

## COUNT III
## DECLARATORY JUDGMENT (NO UNFAIR COMPETITION) (15 U.S.C. § 1125(a))

44. Phanatic Sports restates and incorporates herein by reference the averments set forth in paragraphs 1 through 43 above.

45. Fanatics, Inc. has claimed that Phanatic Sports' use of its PHANATIC SPORTS Marks constitutes unfair competition, and has threatened to take legal action against Phanatic Sports on this basis.

46. An actual, present and justiciable controversy has arisen between Phanatic Sports and Fanatics, Inc. concerning Phanatic Sports' right to continue use of its PHANATIC SPORTS Marks.

47. Phanatic Sports seeks declaratory judgment that its continuing use of its PHANATIC SPORTS Marks does not constitute unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Phanatic Sports respectfully requests that the Court:

(a) Enter judgment according to the declaratory relief sought;

(b) Award Phanatic Sports its costs and fees in this action to the extent permitted by law; and

(c) Enter such other and further relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Phanatic Sports demands a trial by jury on all claims so triable of right.

Respectfully Submitted,

Dated: June 1, 2018

/s/ *Daniel Mateo*
Daniel Mateo, Esq.
**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540-7839
Tel. (609) 987-0050
Fax (609) 951-0824
Email: dmateo@reedsmith.com

- 10 -

        Tracy Zurzolo Quinn
        **REED SMITH LLP**
        Princeton Forrestal Village
        136 Main Street, Suite 250
        Princeton, NJ 08540-7839
        Tel. (609) 987-0050
        Facsimile:  (609) 951-0824
        Email: tquinn@reedsmith.com

        Sidharth Kapoor, Esq.
        **REED SMITH LLP**
        Princeton Forrestal Village
        136 Main Street, Suite 250
        Princeton, NJ 08540-7839
        Tel. (609) 987-0050
        Fax (609) 951-0824
        Email: skapoor@reedsmith.com

        ***Attorneys for Plaintiff***
        ***Phanatic Sports Memorabilia, Inc.***